## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CAMERON GOODYEAR,<br><br>        Plaintiff,<br><br>v.<br><br>F-M AMBULANCE SERVICE, INC., a division of Sanford Health, DBA Sanford Ambulance Service Inc; Sanford Health.<br><br>        Defendant. | Case No.<br>**Complaint**<br><br><br>Jury Trial Demanded |

1.      Plaintiff Cameron Goodyear, for his Complaint against Defendant Sanford Health Ambulance/Sanford Health ("Sanford"), states as follows:

## I.      NATURE OF THE ACTION

2.      This is an action for unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Rehabilitation Act, and the North Dakota Human Rights Act.

3.      Mr. Goodyear alleges that Sanford discriminated against him because of his sex and gender identity, subjected him to a hostile work environment, retaliated against him for reporting discrimination and participating in protected activity, failed to protect his confidential medical information, and engaged in post-employment retaliation by threatening his former coworkers for continuing to associate with him.

## II.     JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. section 1331.

1

5.      The Court has supplemental jurisdiction over state law claims under 28 U.S.C. section 1367.

6.      Venue is proper because the events giving rise to this action occurred in North Dakota and Defendant conducts business in this District.

## III.    PARTIES

7.      Plaintiff Cameron Goodyear resides in Moorhead, Minnesota.

8.      Mr. Goodyear was employed by Sanford Health Ambulance in Fargo, North Dakota as a paramedic.

9.      Defendant FM Ambulance Service, Inc. is an employer within the meaning of Title VII, the ADA, the Rehabilitation Act, and the North Dakota Human Rights Act, and a division of Sanford Health.

## IV.    ADMINISTRATIVE EXHAUSTION

10.     On December 23, 2024, Mr. Goodyear filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on sex, gender identity, and retaliation.

11.     On April 14, 2025, Mr. Goodyear filed an amendment reporting additional retaliatory conduct that occurred after the filing of the original charge.

12.     On February 6, 2026, the EEOC issued a Notice of Right to Sue.

13.     Mr. Goodyear has exhausted all administrative prerequisites and timely commenced this action.

## V.    FACTUAL ALLEGATIONS

14.    Mr. Goodyear began working for Sanford in November 2021 as a paramedic.

15.    Mr. Goodyear consistently met Sanford's legitimate expectations and received positive performance evaluations.

16.    Mr. Goodyear is a transgender man. His sex and gender identity are protected characteristics under federal and state law.

17.    Mr. Goodyear also has Post-Traumatic Stress Disorder ("PTSD") for which he holds a valid North Dakota medical marijuana card.

18.    In June 2024, a coworker found Mr. Goodyear's testosterone prescription and disclosed his transgender status to other employees without his consent.

19.    The coworker admitted to discussing Mr. Goodyear's medication and transgender status when interviewed by Sanford Human Resources.

20.    Sanford failed to protect Mr. Goodyear's confidentiality and allowed the disclosure to spread for nine days before taking any action.

21.    During this period, coworkers made degrading comments about Mr. Goodyear's appearance and identity.

22.    Mr. Goodyear felt humiliated, scrutinized, and ostracized.

23.    Sanford conducted only a brief phone call with Mr. Goodyear, failed to meet with him in person, and refused to meaningfully investigate the harassment.

24.    Sanford allowed the coworker to continue working near Mr. Goodyear, and the coworker continued to place herself in his workspace despite his reports.

25.    Sanford dismissed Mr. Goodyear's concerns and closed the investigation.

3

26.    After Mr. Goodyear reported the harassment, Sanford began treating him more harshly and scrutinizing his work.

27.    Sanford terminated Mr. Goodyear on or around July 20, 2024.

28.    Sanford provided three different explanations for his termination.

29.    Mr. Goodyear was first told he was being terminated for a documentation issue.

30.    Mr. Goodyear was later accused of theft.

31.    Lastly, he was told he was being terminated for general incompetence.

32.    These shifting explanations support an inference of pretext.

33.    Sanford also claimed that he admitted to using marijuana twelve to twenty-four hours before a shift.

34.    Mr. Goodyear denies this.

35.    Sanford was aware that Mr. Goodyear had a legal medical marijuana card.

36.    Other employees with medical marijuana cards were not disciplined.

37.    Sanford accused Mr. Goodyear of mishandling fentanyl despite chaotic shift conditions, common practice among paramedics of temporarily pocketing vials while cleaning, his immediate self-reporting and return of the vial, and the fact that other employees had similar discrepancies without discipline.

38.    Sanford refused Mr. Goodyear's repeated offers to undergo drug testing that would have cleared him.

39.     During a July 2024 meeting, Sanford forced Mr. Goodyear to perform complex medication calculations without a calculator while two employees stared at him.

40.     Human Resources asked whether Mr. Goodyear used fentanyl and stated that it looked on paper like he stole fentanyl.

41.     This interrogation occurred shortly after Mr. Goodyear was outed as transgender.

42.     On March 8, 2025, Sanford engaged in further retaliation.

43.     Upon information and belief, Sanford Human Resources contacted multiple employees who attended a weekly off-duty game night with Mr. Goodyear.

44.     Sanford told them that continued interaction with Mr. Goodyear could result in discipline or termination.

45.     Mr. Goodyear's friends/coworkers informed him that they could no longer see him out of fear for their jobs.

46.     This retaliation was intended to isolate Mr. Goodyear and discourage the pursuit of his EEOC charge.

## VI.     CLAIMS FOR RELIEF

### COUNT I - Sex and Gender Identity Discrimination under Title VII and North Dakota  Human Rights Act.

47.     Mr. Goodyear incorporates the preceding paragraphs.

48.     Sanford subjected Mr. Goodyear to adverse employment actions because of his sex and gender identity.

49.    Sanford's conduct violated Title VII and N.D.C.C. section 14 02.4 03.

## COUNT II - Hostile Work Environment Title VII and North Dakota Human Rights Act.

50.    Mr. Goodyear incorporates the preceding paragraphs.

51.    Mr. Goodyear was subjected to unwelcome harassment based on sex and gender identity.

52.    The harassment was severe or pervasive and altered the conditions of his employment.

53.    Sanford knew or should have known of the harassment and failed to take appropriate action.

54.    The hostile environment culminated in Mr. Goodyear's illegal termination.

## COUNT III - Retaliation Title VII and North Dakota Human Rights Act.

55.    Mr. Goodyear incorporates the preceding paragraphs.

56.    Mr. Goodyear engaged in protected activity by reporting discrimination and harassment.

57.    Sanford retaliated against Mr. Goodyear by terminating him, shifting its explanations for termination, and threatening his former coworkers for associating with him.

58.    This conduct violated Title VII and N.D.C.C. section 14 02.4 18.

## COUNT IV - Retaliation - ADA, Rehabilitation Act, and North Dakota Human Rights Act

59.    Mr. Goodyear incorporates the preceding paragraphs.

60.     Mr. Goodyear engaged in protected activity related to his disability and medical marijuana status.

61.     Sanford retaliated against him in violation of federal and state law.

**COUNT V - Invasion of Privacy - Public Disclosure of Private Facts**

62.     Mr. Goodyear incorporates the preceding paragraphs.

63.     Sanford disclosed Mr. Goodyear's confidential transgender status and medical information to coworkers without consent, causing humiliation and emotional harm.

**COUNT VI - Intentional Infliction of Emotional Distress**

64.     Mr. Goodyear incorporates the preceding paragraphs.

65.     Sanford's conduct, including outing him, interrogating him about drug use, and threatening his friends, was extreme and outrageous and caused severe emotional distress.

## VII.   PRAYER FOR RELIEF

66.     Mr. Goodyear requests back pay, front pay/or reinstatement, compensatory damages, punitive damages where permitted by law, emotional distress damages, attorney's fees, costs, interest, and any other relief the Court deems just and proper.

## VIII.  JURY DEMAND

67.     Plaintiff demands a trial by jury on all issues so triable.

Date: April 28, 2026

**RINGSTROM DEKREY PLLP**

*/s/ Jeffrey P. Sprout*_____
Jeffrey P. Sprout (ND #08770)
814 Center Ave., Ste. 5
Moorhead, MN 56560
P: (218) 284-0484
jeff@ringstromdekrey.com
*Attorneys for Plaintiff*